Filed 5/4/15  P. v. Novelo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CRISTIAN LUGO NOVELO,<br><br>    Defendant and Appellant. | 2d Crim. No. B257766<br>(Super. Ct. No. 2013013413)<br>(Ventura County) |

Cristian Lugo Novelo appeals from the judgment after pleading guilty to luring a minor to engage in lewd conduct and going to an arranged meeting place at or about the arranged time.  (Pen. Code, § 288.4, subd. (b).)[1]  The trial court denied appellant's motion to withdraw the plea, suspended imposition of sentence, and granted probation with one year county jail.  Appellant was ordered to pay victim restitution and various fines and fees, and ordered to register as a sex offender.  (§ 290.)

Appellant filed a notice of appeal and a request for certificate of probable cause.  (§ 1237.5, subd. (a).)  We appointed counsel to represent appellant

_____

[1] All statutory references are to the Penal Code.

in this appeal. After counsel's examination of the record, counsel filed an opening brief in which no issues were raised.

On March 24, 2015, we advised appellant that she had 30 days within which to personally submit any contentions or issues she wished us to consider. On April 23, 2015, appellant submitted a letter brief stating that she was denied effective assistance of counsel and that the change of plea was made under pressure and duress as reflected in her motion to withdraw the plea. These contentions are not supported by the record. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693]; *People v. Bolin* (1998) 18 Cal.4th 297, 333.) Appellant failed to establish a reasonable probability that, but for trial counsel's errors, appellant would not have pleaded guilty and would have obtained a more favorable result had she proceeded to trial. (See e.g., *People v. Fairbank* (1997) 16 Cal.4th 1223, 1241-1242.)

The change of plea was based on a probation report and preliminary hearing transcript which reflect that appellant solicited a 15-year-old boy outside a home improvement store, asked the victim if he wanted appellant to kiss him, and rubbed her hands over her clothed breasts and sides. After the victim gave the police appellant's cell phone number and car license plate number, an officer posed as the victim and phoned appellant to say that appellant could meet the victim in the parking lot. Appellant arrived minutes later in the same car with three condoms in plain view in her open purse.

Appellant entered the change of plea after numerous continuances and acknowledged that she would be required to register as a sex offender. When the change of plea was entered, appellant stated that she was pleading guilty because she was in fact guilty of the offense and that the plea was free and voluntary and not coerced.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


                                          YEGAN, J.

We concur:


GILBERT, P.J.



PERREN, J.

Charles Campbell, Judge

Superior Court County of Ventura

_____


California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Richard B. Lennon, Staff Attorney, for Appellant.


No appearance for Respondent.